IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN SAMUELSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-0571-K-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Michael Dean Samuelson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

On May 7, 2009, petitioner pled guilty to three different offenses and was sentenced to eight years confinement. No appeal was taken. Instead, petitioner sought state post-conviction relief on the ground that, *inter alia*, his transfer to TDCJ custody violated the terms of the plea agreement. The Texas Court of Criminal Appeals granted relief and allowed petitioner to withdraw his guilty plea. *Ex parte Samuelson*, No. AP-76,280, 2010 WL 360437 (Tex. Crim. App. Jan. 27, 2010). In June 2010, petitioner pled guilty to the same three offenses in exchange for another eight-year sentence. Petitioner challenged those convictions on state collateral review. Both state writs were denied without written order. *Ex parte Samuelson*, WR-72,732-04 (Tex. Crim. App. Sept. 8, 2010); *Ex parte Samuelson*, WR-72,732-06 (Tex. Crim. App. Oct. 20, 2010). Petitioner also filed a federal

writ of habeas corpus seeking specific enforcement of the May 2009 plea agreement and alleging ineffective assistance of counsel. That case was summarily dismissed as frivolous because it sought to enforce a plea agreement that had been set aside. *Samuelson v. Thaler*, No. 3-11-CV-0015-B, 2011 WL 251204 (N.D. Tex. Jan. 10, 2011), *rec. adopted*, 2011 WL 251462 (N.D. Tex. Jan. 26, 2011).

On March 21, 2011, petitioner filed the instant action challenging his continued detention under the June 2010 convictions. As best the court understands his claims, petitioner appears to contend that: (1) his custody status and inmate number reflect conduct that occurred while he was incarcerated pursuant to convictions that resulted from an unenforceable plea; and (2) he received ineffective assistance of counsel. On March 25, 2011, the court sent written interrogatories to petitioner in order to determine whether these claims were raised in state court. Petitioner answered the interrogatories on April 8, 2011. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). To exhaust state remedies, a Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

In his interrogatory answers, petitioner admits that he never presented the claims made the basis of his federal writ to the Texas Court of Criminal Appeals. (*See* Mag. J. Interrog. #1(e) & 2). Instead, the only two claims raised on state collateral review involved: (1) a breach of the May 2009 plea agreement; and (2) the resulting denial of due process. (*Id.*). Because petitioner has failed to exhaust his state remedies, this case must be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 14, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE